# UNITED STATES DISTRICT COURT

SOUTHERN District of NEW YORK

UNITED STATES OF AMERICA
v.
MAURICE PIANKO

JUDGMENT IN A CRIMINAL CASE

Case Number: 09 CR 1096

USM Number: 62435-054

JULIA GATTO, ESQ.
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   1 (OF 1)

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC § 1720 | USE OF CANCELLED POSTAGE STAMPS | JUNE 2009 | 1 |

   The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)          ☐ is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JANUARY 4, 2010
Date of Imposition of Judgment

*Kevin Nathaniel Fox*
Signature of Judge

KEVIN NATHANIEL FOX, UNITED STATES MAGISTRATE JUDGE
Name and Title of Judge

JANUARY 5, 2010
Date

DEFENDANT:        MAURICE PIANKO
CASE NUMBER:   09 CR 1096 (KNF)

# PROBATION

The defendant is hereby sentenced to probation for a term of :

ONE (1) YEAR

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

**X**  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

**X**  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MAURICE PIANKO
CASE NUMBER: 09 CR 1096 (KNF)

# ADDITIONAL PROBATION TERMS

1. THE DEFENDANT SHALL SERVE SIX (6) MONTHS OF HIS ONE-YEAR PROBATION TERM VIA HOME CONFINEMENT, WITHOUT ELECTRONIC MONITORING.

2. THE DEFENDANT SHALL COMPLETE ONE HUNDRED (100) HOURS OF COMMUNITY SERVICE.

DEFENDANT: MAURICE PIANKO
CASE NUMBER: 09 CR 1096 (KNF)

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

14. THE DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT IMPOSED OR ADHERE TO A COURT-ORDERED INSTALLMENT SCHEDULE FOR THE PAYMENT OF THE SPECIAL ASSESSMENT.

DEFENDANT: MAURICE PIANKO
CASE NUMBER: 09 CR 1096 (KNF)

## SPECIAL CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL PROVIDE HIS ASSIGNED PROBATION OFFICER WITH ACCESS TO ANY REQUESTED FINANCIAL INFORMATION.

2. THE DEFENDANT SHALL NOT INCUR NEW CREDIT CHARGES OR OPEN ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF HIS ASSIGNED PROBATION OFFICER, UNLESS THE DEFENDANT IS IN COMPLIANCE WITH THE INSTALLMENT PAYMENT SCHEDULE.

3. DURING THE DEFENDANT'S HOME CONFINEMENT, HE SHALL REMAIN AT HIS PLACE OF RESIDENCE, EXCEPT FOR EMPLOYMENT AND OTHER ACTIVITIES APPROVED BY HIS ASSIGNED PROBATION OFFICER. HOME CONFINEMENT WILL COMMENCE THIRTY (30) DAYS AFTER THE ENTRY OF JUDGEMENT.

4. THE DEFENDANT SHALL COMPLETE ONE HUNDRED (100) HOURS OF COMMUNITY SERVICE WITH AN ENTITY APPROVED BY THE DEFENDANT'S ASSIGNED PROBATION OFFICER.

5. THE DEFENDANT WILL BE SUPERVISED BY THE PROBATION DEPARTMENT IN THE DISTRICT WHERE HE RESIDES.

DEFENDANT: MAURICE PIANKO
CASE NUMBER: 09 CR 1096 (KNF)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 25.00 | $ 0.00 | $ 5,417.50 |

☐ The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U.S. POSTAL SERVICE |  | $ 5,417.50 |  |
| **TOTALS** | $ | $ 5,417.50 | |

X Restitution amount ordered pursuant to plea agreement $ 5,417.50

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MAURICE PIANKO
CASE NUMBER: 09 CR 1096 (KNF)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  **X**  Lump sum payment of $ 25.00 due immediately, balance due

☐ not later than _____ , or
**X** in accordance  ☐ C, ☐ D, ☐ E, or **X** F below; or

**B**  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  **X**  Special instructions regarding the payment of criminal monetary penalties:

THE DEFENDANT SHALL MAKE RESTITUTION TO THE U.S. POSTAL SERVICE IN THE AMOUNT OF $5,417.50, BY MAKING MONTHLY INSTALLMENT PAYMENTS OF TEN PERCENT (10%) OF HIS GROSS MONTHLY INCOME OVER A PERIOD OF PROBATIONARY SUPERVISION COMMENCING THIRTY (30) DAYS AFTER THE ENTRY OF JUDGMENT. THE PAYMENTS SHOULD BE PRESENTED TO THE CLERK OF COURT FOR DISBURSEMENT TO THE U.S. POSTAL SERVICE. THE DEFENDANT MUST NOTIFY THE U.S. ATTORNEY FOR THIS JUDICIAL DISTRICT WITHIN THIRTY (30) DAYS OF ANY CHANGE IN HIS MAILING OR RESIDENCE ADDRESS, OCCURRING WHILE ANY PORTION OF THE RESTITUTION REMAINS UNPAID.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.